IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| and | ) |
| STATE OF DELAWARE, | ) |
| Plaintiff/Intervener, | ) |
| v. | ) Civil Action No. _____ |
| FORMOSA PLASTICS CORPORATION, DELAWARE, | ) |
| Defendant. | ) |

### COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings this action under the Clean Air Act (CAA), 42 U.S.C. § 7401 *et seq.*; the Clean Water Act (CWA), 33 U.S.C. § 1251 *et seq.*; the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.*; the Comprehensive Environmental

Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*; and the Emergency Planning and Community Right to Know Act (EPCRA), 42 U.S.C. § 11001 *et seq.* to obtain injunctive relief and civil penalties for violations of each of these statutes, as well as their implementing permits and regulations.

## JURISDICTION, VENUE AND AUTHORITY

2.  Jurisdiction is vested in this Court pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928, Section 309 of the CWA, 33 U.S.C. Sec. 1319, Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, 42 U.S.C. § 7413(b), 42 U.S.C. § 6928(a) and (g), 33 U.S.C. §§ 1319(b) and 1321(b), 42 U.S.C. §§ 9609(c) and 9613(b), and 42 U.S.C. § 11045(b)(3), because the violations alleged occurred within this district, at a facility located in Delaware City, Delaware.

4.  Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516, 519, Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), Section 309 of the CWA, 33 U.S.C. Sec 1319, and Section 305 of the CAA, 42 U.S.C. § 7605.

**NOTICE**

5.  Notice of the commencement of this action has been given to the Delaware Department of Natural Resources and Control (DNREC), pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Section 3008(a)(2) of RCRA, 42 U.S.C. § 6928(a)(2) and Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

**DEFENDANT**

6.  Defendant Formosa Plastic Corporation, Delaware ("Formosa") is a corporation organized and existing under the laws of the State of Delaware and doing business in that State.

7.  This action pertains to Formosa's PVC manufacturing plant located at 780 School House Road, Delaware City, Delaware ("the Facility"). At all times relevant to this action, Formosa has owned and operated the Facility.

8.  Formosa is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), Section 1004(15) of RCRA, 42 U.S.C. § 6903(15), Section 329(7) of EPCRA, 42 U.S.C. § 11047(7), Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), and Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

9.  At all relevant times, Formosa was and continues to be an "owner" and/or "operator" of the Facility, within the meaning of 40 C.F.R. § 260.10 and the equivalent Delaware hazardous waste regulations. Formosa generates hazardous waste within the

meaning of RCRA and the relevant Delaware hazardous waste regulations.

10. Formosa, at all times relevant hereto, has operated, and continues to operate, at the Facility several "stationary sources" of air emissions, that are subject to one or more National Emission Standards for Hazardous Air Pollutants ("NESHAP") found at 42 U.S.C. Part 61.

11. At all times relevant hereto, Formosa has discharged, and continues to discharge, "pollutants" from the Facility through several "point sources" into "navigable waters," as each of these terms is defined in the Section 502 of the CWA, 33 U.S.C. § 1362.

12. At all times relevant hereto, Formosa has stored, and continues to store, at the Facility "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

13. At all times relevant hereto, Formosa has stored, and continues to store, at the Facility "extremely hazardous substances" as defined in Section 302(a) of EPCRA, 42 U.S.C. § 11002(a).

14. At all times relevant hereto, the Facility was and continues to be an onshore facility engaged in storing oil and oil products which could reasonably be expected to discharge oil

in harmful quantities into navigable waters of the United States or adjoining shorelines. 40 C.F.R. § 112.1.

## STATUTORY BACKGROUND

**Hazardous Waste (RCRA)**

15. RCRA establishes a comprehensive program to be administered by the Administrator of EPA for regulating the generation, transportation, treatment, storage, and disposal of hazardous waste. 42 U.S.C. §§ 6901 et seq.

16. Pursuant to its authority under RCRA, EPA has promulgated regulations at 40 C.F.R. Part 260 through 272 applicable to generators, transporters, and treatment, storage and disposal facilities. These regulations generally prohibit treatment, storage and disposal of hazardous waste without a permit or equivalent "interim status." They prohibit land disposal of certain hazardous wastes, and provide detailed requirements to govern the activities of those who generate hazardous waste and those who are lawfully permitted to store, treat and dispose of hazardous waste.

17. Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, the EPA may authorize a state to administer a state hazardous waste program in lieu of the federal program when it deems the state program to be equivalent to the federal program.

18. EPA granted final authorization to the State of Delaware to administer its hazardous waste program in lieu of the federal program.

19. Pursuant to Sections 3008(a) and (g) and 3006(g) of RCRA, 42 U.S.C. §§ 6928(a) and (g) and 6926(g), the United States may enforce the federally-approved Delaware hazardous waste program, as well as the federal regulations that remain effective in Delaware by filing a civil action in United States District Court seeking civil penalties not to exceed specified amounts for each day of each violation, and injunctive relief.

**Clean Air Act**

20. Section 112 of the CAA, 42 U.S.C. § 7412, authorized the Administrator of EPA ("Administrator") to publish a list of hazardous air pollutants for which he intends to establish an emission standard, and to promulgate emission standards and work practice standards to control emission of such pollutants. These standards are known as National Emission Standards for Hazardous Air Pollutants ("NESHAP").

21. Section 112(b) of the CAA, 42 U.S.C. § 7412(b), designates vinyl chloride as a hazardous air pollutant.

22. By promulgating regulations, the Administrator of EPA established emission standards for vinyl chloride. 40 C.F.R. Part 61, Subpart F (§§ 61.60 to 61.71) (the "Vinyl Chloride NESHAP").

23. The Vinyl Chloride NESHAP applies to the Formosa Facility, where vinyl chloride is stored, used, processed and released.

24. Pursuant to Title V of the CAA, 42 U.S.C. §§ 7661 through 7661f, the State of Delaware has issued an air pollution control permit No. AQM-00300027 to the Formosa Facility. That permit, known as the "Title V Permit," includes, *inter alia*, Federally enforceable requirements similar and additional to those in the Vinyl Chloride NESHAP.

25. Section 113(a)(3) of the CAA, 42 U.S.C. § 7413(a)(3), authorizes EPA to bring a civil action if the Administrator finds that any person is in violation of, <u>inter alia</u>, any regulation promulgated under Section 112 of the CAA, 42 U.S.C. § 7412.

26. Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes the Court to enjoin a violation, to require compliance, and to assess a civil penalty for each violation.

**Clean Water Act**

27. Section 301(a) of the CWA, 33 U.S.C. Sec. 1311(a) prohibits all discharges of pollutants into waters of the United States except as allowed by specified sections of the Act. The only exception pertinent to this action is Section 402 of the CWA, 33 U.S.C. § 1342, which provides for EPA, and States with EPA-approved programs, to issue National Pollutant Discharge

Elimination System (NPDES) permits allowing limited discharges of pollutants under specified conditions.

28. EPA has approved Delaware's program for issuance of NPDES permits. Under that program, Delaware issued permit DE 0000612 to Formosa for the Facility. That permit includes, *inter alia*, limits on the discharge of phenol and requirements for control of storm water run-off.

**Reporting Requirements**

29. Under Section 313 of EPCRA, 42 U.S.C. § 11023, and regulations promulgated thereunder, Formosa is required annually to calculate and report to EPA various data regarding toxic chemicals at the facility during the preceding year. Such data must include the "annual quantity of the toxic chemical entering each environmental medium."

30. Formosa is required to report pursuant to Section 313 of EPCRA regarding vinyl acetate and vinyl chloride at the Facility.

31. Section 103 of CERCLA, 42 U.S.C. § 9603, requires the person in charge of a facility to report to the National Response Center any release, other than a Federally permitted release, of the specified reportable quantity or more of any hazardous substance. Vinyl chloride is a hazardous substance for which the reportable quantity is 1 lb.

32. Section 304 of EPCRA, 42 U.S.C. § 11003, requires, *inter alia,* that the owner or operator of a facility immediately report the release (other than a Federally permitted release) of the reportable quantity or more of an extremely hazardous substance to (a) the local emergency planning committee's coordinator and (b) to the State emergency planning commission.

33. Vinyl chloride is an extremely hazardous substance for which the reportable quantity is 1 lb.

## FACTS

34. The Facility manufactures poly vinyl chloride (PVC), a plastic material used in many applications from flexible sheeting to rigid water pipes. The plant uses a batch dispersion process in which vinyl chloride monomer, a carcinogenic gas, and other ingredients are combined in pressure vessels called reactors.

35. Polymerization takes place in those reactors, a process in which the molecules of vinyl are linked together to form long chains. These polymer chains form the plastic PVC resin, which Formosa sells as its product.

36. After the reaction is complete, the PVC resin is dried and then bagged for sale. In the drying process, much of the vinyl chloride monomer that has not been combined into a polymer chain will evaporate and escape to the atmosphere. The escape of

this un-reacted residual vinyl chloride monomer (RVCM) is the largest source of vinyl chloride emitted from the plant.

37. The manufacturing process also creates several streams of liquid and sludge wastes. Wastewater from the facility is treated in a system that includes two large aeration basins.

38. Off-spec product and other scrap PVC solids are accumulated at various locations throughout the Facility.

39. During the summer of 2003, a team of EPA inspectors and engineers from Region III and the National Enforcement Investigation Center, along with representatives of the State of Delaware, conducted a three-week long inspection of Formosa's Facility. During this inspection, the team discovered evidence of a number of violations of the environmental statutes and regulations described above.

## CLAIMS FOR RELIEF

### Count I - Clean Air Act

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. Defendant Formosa has committed the following violations of the Clean Air Act and the regulations and permits enforced thereunder:

    a. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant

violated the daily average emission standard imposed by 40 C.F.R. § 61.64(f) and the facility's Title V Permit, AQM-00300027 by emitting in one calendar day an average of more than 2.02 grams of vinyl chloride per kilogram of PVC product determined on a dry solids basis.

    b.   On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated the daily average emission standards imposed by the facility's Title 5 permit by emitting in one calendar day an average of more than 1500 ppm vinyl chloride monomer in the PVC produced and exposed to the ambient air that day.

    c.   On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Formosa failed to adhere to Method 107 for testing a sample or samples for vinyl chloride, in violation of 40 C.F.R. § 61.67(g)(2).

    d.   On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. 61.67(3)(ii) by failing to sample PVC resin immediately after stripping.

    e.   On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 61.65(b)(8) by failing to comply with the

approved NESHAP leak detection plan for the facility in the following respects:

    i.   Failure to conduct the 10 ppm vinyl chloride daily span check.

    ii.   Use of MiniRae units for leak detection rather than Organic Vapor Analyzers as specified in the approved plan.

    f.   On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 61.65(b)(8) by failing to calibrate leak detection and repair monitoring instruments.

    g.   On four occasions in the 5 year period immediately preceding the filing of this Complaint, Formosa violated the Vinyl Chloride NESHAP through unauthorized or improper releases of vinyl chloride, in violation of 40 C.F.R. §§ 61.64(a)(3) and 61.65(a).

    h.   On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 61.70(c)(4)(iv) by failing to report exceedences of the vinyl chloride emission standard imposed by 40 C.F.R. § 61.64(f).

    i.   On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant

violated the emission limit for vinyl acetate in the Title V permit for the facility by emitting quantities of vinyl acetate greater than allowed by that emission limit.

  j. Defendant violated Federally enforceable provisions of its Title V permit, No. AQM-00300027, in the following particulars:

    i. On or about May 20, 2003, Defendant discharged an air contaminant, Vinyl Chloride Monomer (VCM), in a manner other than as allowed by the said permit.

    ii. On or about August 12, 2003 Defendant discharged VCM in wastewater in a concentration greater than 10 ppm in violation of said permit.

    iii. On or about January 8, 2004 Defendant discharged VCM in wastewater in a concentration greater than 10 ppm in violation of said permit.

    iv. Defendant failed to perform an annual stack test of its primary incinerator (WB-710) in a timely manner in violation of said permit.

    v. On or about January 13, June 30, September 26 and December 2, 2003 and March 13 and April 7, 2004, Defendant violated said permit by failing properly to sample product for vinyl acetate monomer (VAM).

vi. On or about March 11 and November 21, 2003, Defendant violated said permit by failing properly to sample product for residual vinyl chloride (RVCM).

k. Defendant violated 40 C.F.R. Part 82 in the following respects:

i. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 82.156(i)(9) by failing to make timely repairs to equipment that was leaking ozone depleting substances.

ii. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 82.166(k) by failing to maintain required servicing records.

### Count II – RCRA

42. Paragraphs 1 through 41 are incorporated herein by reference.

43. Defendant Formosa has committed the following violations of the Resource Conservation and Recovery Act or the Delaware hazardous waste management regulations which are Federally enforceable pursuant to 40 U.S.C. § 6928:

a. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant

violated DRGHW § 262.11 by failing to make hazardous waste determinations for numerous waste streams.

  b. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated Part 265, subpart CC by placing characteristic hazardous waste from reactor clean outs in basket like containers not meeting applicable requirements.

  c. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 268.40 by placing hazardous waste that did not meet applicable treatment standards into a land disposal units, to wit the basins at the facility.

  d. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated RCRA and the Delaware equivalent by storing and treating hazardous waste in surface impoundments without having a permit or interim status to do so.

### Count III - Clean Water Act

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. Defendant violated the Clean Water Act in the following respects:

a. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant failed adequately to minimize storm water run-off from its facility in violation of the NPDES permit for the Facility.

b. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated the effluent limit for phenol imposed in the NPDES permit for the Facility.

c. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. Part 136 by failing to follow proper sampling and testing procedures when testing for Total Suspended Solids.

d. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. §§ 112.3, 112.7 and 112.8 by failing to have an adequate Spill Prevention Control and Countermeasures Plan. This failure included failure to make adequate provision for secondary containment for several tanks at the facility. The Plan made no proper provision for such containment.

## Count IV – CERCLA/EPCRA

46.   Paragraphs 1 through 45 are incorporated herein by reference.

47.   Defendant violated EPCRA and CERCLA emergency notification requirements, 42 U.S.C. §§ 9603 and 1104, on one or more occasions in the 5 year period immediately preceding the filing of this Complaint by failing to give timely notice to Federal, State and local emergency response centers of releases of vinyl chloride.

48.   Defendant violated the annual reporting requirements of EPCRA § 313 and 40 C.F.R. § 372.8(b)(15) on one or more occasions in the 5 year period immediately preceding the filing of this Complaint by failing accurately to calculate and report on EPA Form R required data for vinyl chloride and vinyl acetate.

### Injunctive Relief

49.   Unless restrained by order of this court, some or all of the violations described above are likely to continue or recur.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court grant the following relief:

1.   Permanently enjoin defendant from further violations of the Clean Air Act, 42 U.S.C. § 7401 et seq.; the Clean Water Act, 33 U.S.C. § 1251 et seq.; the Resource Conservation and Recovery

Act, 42 U.S.C. § 6901 *et seq.*; the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*; and the Emergency Planning and Community Right to Know Act, 42 U.S.C. § 11001 *et seq.* and their implementing permits and regulations.

2.  Order defendant promptly to take all steps necessary or appropriate to comply with the foregoing laws, regulations and permits.

3.  A judgment assessing civil penalties against Defendant not to exceed $27,500 per day for each violation that occurred prior to March 15, 2004 and not to exceed $32,500 per day for each violation which occurred on or after March 15, 2004.

4.  Award Plaintiff the costs and disbursements in this action.

5.  Award such other relief as this Court may deem just and proper.

Respectfully submitted,

*Kelly A Johnson*
KELLY JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources
U.S. Department of Justice

_____
COLM F. CONNOLLY
United States Attorney
District of Delaware


_____
RUDOLPH CONTRERAS
Assistant United States
Attorney
District of Delaware
Nemours Building
P.O. Box 2041
Wilmington, DE 19899-2046
(302) 573 6277


_____
WILLIAM A. HUTCHINS
Senior Attorney
Environmental Enforcement
    Section
1425 New York Ave., N.W.
Washington D.C. 20005
(202) 514-2717