IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>STATE OF DELAWARE, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>) Civil Action No. 05-443<br>FORMOSA PLASTICS CORPORATION, )<br>DELAWARE, )<br>)<br>Defendant. )<br>) | |

## COMPLAINT IN INTERVENTION

Plaintiff-Intervenor, State of Delaware, acting at the request of the Department of Natural Resources and Environmental Control ("DNREC"), files this complaint and alleges as follows:

NATURE OF ACTION

1.  Plaintiff brings this action under the Clean Air Act (CAA), 42 U.S.C. § 7401 et seq.; the Clean Water Act (CWA), 33 U.S.C. § 1251 et seq.; the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 et seq.; the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq.; and the Emergency Planning and Community Right to Know Act (EPCRA), 42 U.S.C. § 11001 et seq.; and the Delaware Environmental Control Act, 7 Del C. Ch. 60, to obtain injunctive relief and civil penalties for violations of each of these statutes, as well as their implementing permits and regulations.

## JURISDICTION, VENUE AND AUTHORITY

2.  Jurisdiction is vested in this Court pursuant to Section 3008 (a) of RCRA, 42 U.S.C. § 6928, Section 309 of the CWA, 33 U.S.C. Sec. 1319, Section 113 (b) of the CAA, 42 U.S.C. § 7413 (b), and 28 U.S.C. §§ 1331, 1345, and 1355. This Court has supplemental jurisdiction over Count V pursuant to 28 U.S.C. § 1867 (a).

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, 42 U.S.C. § 7413 (b), 42 U.S.C. § 7413 (b), 42 U.S.C. § 6928 (a) and (g), 33 U.S.C. §§ 1319 (b) and 1321 (b), 42 U.S.C. §§ 9609 (c) and 9613 (b), and 42 U.S.C. § 11045 (b) (3), because the violations alleged occurred within this district, at a facility located in Delaware City, Delaware.

## DEFENDANT

4.  Defendant Formosa Plastic Corporation, Delaware ("Formosa") is a corporation organized and existing under the laws of the State of Delaware and doing business in that State.

5.  This action pertains to Formosa's PVC manufacturing plant located at 780 School House Road, Delaware City, Delaware ("the Facility"). At all times relevant to this action, Formosa has owned and operated the Facility.

6.  Formosa is a "person" within the meaning of Section 502 (5) of the CWA, 33 U.S.C. § 1362 (5), Section 1004 (15) of RCRA, 42 U.S.C. § 6903 (15), Section 329 (7) or EPCRA, 42 U.S.C. § 11047 (7), Section 101 (21) of CERCLA, 42 U.S.C. § 9601 (21), and Section 302 (e) of the CAA, 42 U.S.C. § 7602 (e) and 7 Del. C. Ch. 60.

7.  At all relevant times, Formosa was and continues to be an "owner" and/or "operator" of the Facility, within the meaning of 40 C.F.R. § 260.10 and the equivalent Delaware hazardous waste regulations. Formosa generates hazardous waste within the meaning of RCRA and the relevant Delaware hazardous waste regulations.

8.  Formosa, at all times relevant hereto, has operated, and continues to operate, at the Facility several "stationary sources" of air emissions, that are subject to one or more National Emission Standards for Hazardous Air Pollutants ("NESHAP") found at 40 C.F.R. Part 61.

9.  At all times relevant hereto, Formosa has discharged, and continues to discharge, "pollutants" from the Facility through several "point sources" into "navigable waters," as each of these terms is defined in the Section 502 of the CWA, 33 U.S.C. § 1362.

10. At all times relevant hereto, Formosa has stored, and continues to store, at the Facility "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

11. At all times relevant hereto, Formosa has stored, and continues to store, at the Facility "extremely hazardous substances" as defined in Section 302 (a) of EPCRA, 42 U.S.C. § 11002 (a).

12. At all times relevant hereto, the Facility was and continues to be an on shore facility engaged in storing oil and oil products which could reasonably be expected to discharge oil in harmful quantities into navigable waters of the United States or adjoining shorelines. 40 C.F.R. § 112.1

## STATUTORY BACKGROUND

### HAZARDOUS WASTE (RCRA)

13. RCRA establishes a comprehensive program to be administered by the Administrator of EPA for regulating the generation, transportation, treatment, storage, and disposal of hazardous waste. 42 U.S.C. §§ 6901 et seq.

14. Pursuant to its authority under RCRA, EPA has promulgated regulations at 40 C.F.R. Part 260 through 272 applicable to generators, transporters, and treatment, storage and

3

disposal facilities. These regulations generally prohibit treatment, storage and disposal of hazardous waste without a permit or "interim status." They prohibit land disposal of certain hazardous wastes, and provide detailed requirements to govern the activities of those who generate hazardous waste and those who are lawfully permitted to store, treat and dispose of hazardous waste.

15. Pursuant to Section 3006 of RCRA, 42 U.S.C. § 6926, the EPA may authorize a state to administer a state hazardous waste program in lieu of the federal program when it deems the state program to be equivalent to the federal program.

16. EPA granted final authorization to the State of Delaware to administer its hazardous waste program in lieu of the federal program.

17. Pursuant to Sections 3008 (a) and (g) and 3006 (g) of RCRA, 42 U.S.C. §§ 6928 (a) and (g) and 6926 (g), the United States may enforce the federally-approved Delaware hazardous waste program, as well as the federal regulations that remain effective in Delaware by filing a civil action in United States District Court seeking civil penalties not to exceed specified amounts for each day of each violation, and injunctive relief.

## CLEAN AIR ACT

18. Section 112 of the CAA, 42 U.S.C. § 7412, authorized the Administrator of EPA ("Administrator") to publish a list of hazardous air pollutants for which he intends to establish an emission standard, and to promulgate emission standards and work practice standards to control emission of such pollutants. These standards are known as National Emission Standards for Hazardous Air Pollutants ("NESHAP").

19. Section 112 (b) of the CAA, 42 U.S.C. § 7412 (b), designates vinyl chloride as a hazardous air pollutant.

20.     By promulgating regulations, the Administrator of EPA established emission standards for vinyl chloride. 40 C.F.R. Part 61, Subpart F (§§ 61.60 to 61.71) (the Vinyl Chloride NESHAP").

21.     The Vinyl Chloride NESHAP applies to the Formosa Facility, where vinyl chloride is stored, used, processed and released.

22.     Pursuant to Title V of the CAA, 42 U.S.C. §§ 7661 through 7661f, the State of Delaware has issued an air pollution control permit No. AQM-00300027 to the Formosa Facility. That permit, known as the "Title V Permit," includes, inter alia, Federally enforceable requirements similar and additional to those in the Vinyl Chloride NESHAP.

23.     Section 113 (a) (3) of the CAA, 42 U.S.C. § 7413 (a) (3), authorizes EPA to bring a civil action if the Administrator finds that any person is in violation of, inter alia, any regulation promulgated under Section 112 of the CAA, 42 U.S.C. § 7412.

24.     Section 113 (b) of the CAA, 42 U.S.C. S 7413 (b), authorizes the Court to enjoin a violation, to require compliance, and to assess a civil penalty for each violation.

## CLEAN WATER ACT

25.     Section 301 (a) of the CWA, 33 U.S.C. Sec. 1311 (a) prohibits all discharges of pollutants into waters of the United States except as allowed by specified sections of the Act. The only exception pertinent to this action is Section 402 of the CWA, 33 U.S.C. § 1342, which provides for EPA, and States with EPA-approved programs, to issue National Pollutant Discharge Elimination System (NPDES) permits allowing limited discharges of pollutants under specified conditions.

26. EPA has approved Delaware's program for issuance of NPDES permits. Under that program, Delaware issued permit DE 0000612 to Formosa for the Facility. That permit includes, inter alia, limits on the discharge of phenol and requirements for control of storm water run-off.

## REPORTING REQUIREMENTS

27. Under Section 313 of EPCRA, 42 U.S.C. § 11023, and regulations promulgated thereunder, Formosa is required annually to calculate and report to EPA various data regarding toxic chemicals at the facility during the preceding year. Such data must include the "annual quantity of the toxic chemical entering each environmental medium."

28. Formosa is required to report pursuant to Section 313 of EPCRA regarding vinyl acetate and vinyl chloride at the Facility.

29. Section 103 of CERCLA, 42 U.S.C. § 9603, requires the person in charge of a facility to report to the National Response Center any release, other than a Federally permitted release, of the specified reportable quantity or more of any hazardous substance. Vinyl chloride is a hazardous substance for which the reportable quantity is 1 lb.

30. Section 304 of EPCRA, 42 U.S.C. § 11003, requires, inter alia, that the owner or operator of a facility immediately report the release (other than a Federally permitted release) of the reportable quantity or more of an extremely hazardous substance to (a) the local emergency planning committee's coordinator and (b) to the State emergency planning commission.

31. Vinyl chloride is an extremely hazardous substance for which the reportable quantity is 1 lb.

## FACTS

32. The Facility manufactures polyvinyl chloride (PVC), a plastic material used in many applications from flexible sheeting to rigid water pipes. The plant uses a batch dispersion process

in which vinyl chloride monomer, a carcinogenic gas, and other ingredients are combined in pressure vessels called reactors.

33. Polymerization takes place in those reactors, a process in which the molecules of vinyl are linked together to form long chains. These polymer chains form the plastic PVC resin, which Formosa sells as its product.

34. After the reaction is complete, the PVC resin is dried and then bagged for sale. In the drying process, much of the vinyl chloride monomer that has not been combined into a polymer chain will evaporate and escape to the atmosphere. The escape of this un-reacted residual vinyl chloride monomer (RVCM) is the largest source of vinyl chloride emitted from the plant.

35. The manufacturing process also creates several streams of liquid and sludge wastes. Wastewater from the facility is treated in a system that includes two large aeration basins.

36. Off-spec product and other scrap PVC solids are accumulated at various locations throughout the Facility.

37. During the summer of 2003, a team of EPA inspectors and engineers from Region III and the National Enforcement Investigation Center, along with representatives of the State of Delaware, conducted a three-week long inspection of Formosa's Facility. During this inspection, the team discovered evidence of a number of violations of the environmental statutes and regulations described above.

## CLAIMS FOR RELIEF

### Count I – Clean Air Act

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Defendant Formosa has committed the following violations of the Clean Air Act and the regulations and permits enforced thereunder:

      a.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated the daily average emission standard imposed by 40 C.F.R. § 61.64 (f) and the facility's Title V Permit, AQM-00300027 by emitting in one calendar day an average of more than 2.02 grams of vinyl chloride per kilogram of PVC product determined on a dry solids basis.

      b.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated the daily average emission standards imposed by the facility's Title V permit by emitting in one calendar day an average of more than 0.15 kg of vinyl chloride monomer per 100 kgs of dried PVC produced and exposed to the ambient air that day.

      c.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Formosa failed to adhere to Method 107 for testing a sample or samples for vinyl chloride, in violation of 40 C.F.R. § 61.67 (g) (2).

      d.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. 61.67 (3) (ii) by failing to sample PVC resin immediately after stripping.

      e.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 61.65 (b) (8) by failing to comply with the approved NESHAP leak detection plan for the facility in the following respects:

           i.     Failure to conduct the 10 ppm vinyl chloride daily span check.

           ii.    Use of MiniRae units for leak detection rather than Organic Vapor Analyzers as specified in the approved plan.

  f. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 61.65 (b) (8) by failing to calibrate leak detection and repair monitoring instruments.

  g. On four occasions in the 5 year period immediately preceding the filing of this Complaint, Formosa violated the Vinyl Chloride NESHAP through unauthorized or improper releases of vinyl chloride, in violation of 40 C.F.R. §§ 61.64 (a) (3) and 61.65 (a).

  h. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 61.70 (c) (4) (iv) by failing to report exceedences of the vinyl chloride emission standard imposed by 40 C.F.R. § 61.64 (f).

  i. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated the emission limit for vinyl acetate in the Title V permit for the facility by emitting quantities of vinyl acetate greater than allowed by that emission limit.

  j. Defendant violated Federally enforceable provisions of its Title V permit, No. AQM-00300027, in the following particulars:

    i. On or about May 20, 2003, Defendant discharged an air contaminant, Vinyl Chloride Monomer (VCM), in a manner other than as allowed by the said permit.

    ii. On or about August 12, 2003 Defendant discharged VCM in wastewater in a concentration greater than 10 ppm in violation of said permit.

    iii. On or about January 8, 2004 Defendant discharged VCM in wastewater in a concentration greater than 10 ppm in violation of said permit.

    iv. Defendant failed to perform an annual stack test of its primary incinerator (WB-710) in a timely manner in violation of said permit.

   v. On or about January 13, June 30, September 26 and December 2, 2003 and March 13 and April 7, 2004, Defendant violated said permit by failing properly to sample product for vinyl acetate monomer (VAM).

   vi. On or about March 11 and November 21, 2003, Defendant violated said permit by failing properly to sample product for residual vinyl chloride (RVCM).

### Count II - RCRA

40. Paragraphs 1 through 37 are incorporated herein by reference.

41. Defendant Formosa has committed the following violations of the Resource Conservation and Recovery Act or the Delaware hazardous waste regulations which are Federally enforceable pursuant to 42 U.S.C. § 6928:

   a. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated DRGW § 262.11 by failing to make hazardous waste determinations for numerous waste streams.

   b. On one or more occasions in the 5 year period immediately preceding the filing of the Complaint, Defendant violated Part 265, subpart CC by placing characteristic hazardous waste from reactor clean outs in basket like containers not meeting applicable requirements.

   c. On one or more occasions on the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. § 268.40 by placing hazardous waste that did not meet applicable treatment standards into land disposal units, specifically the basins at the facility.

   d. On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated RCRA and its Delaware equivalent by storing and

treating hazardous waste in surface impoundments without having a permit or interim status to do so.

## Count III – Clean Water Act

42.     Paragraphs 1 through 37 are incorporated herein by reference.

43.     Defendant violated the Clean Water Act in the following respects:

     a.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant failed adequately to minimize storm water run-off from its facility in violation of the NPDES permit for the Facility.

     b.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated the effluent limit for phenol imposed in the NPDES permit for the Facility.

     c.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. Part 136 by failing to follow proper sampling and testing procedures when testing for Total Suspended Solids.

     d.     On one or more occasions in the 5 year period immediately preceding the filing of this Complaint, Defendant violated 40 C.F.R. §§ 112.3, 112.7 and 112.8 by failing to have an adequate Spill Prevention Control and Countermeasures Plan. This failure included failure to make adequate provision for secondary containment for several tanks at the facility. The Plan made no proper provision for such containment.

## Connt IV – CERCLA/EPCRA

44.     Paragraphs 1 through 37 are incorporated herein by reference.

45.     Defendant violated EPCRA and CERCLA emergency notification requirements, 42 U.S.C. §§ 9603 and 1104, on one or more occasions in the 5 year period immediately preceding the

filing of this Complaint by failing to give timely notice to Federal, State and local emergency response centers of releases of vinyl chloride.

46.   Defendant violated the annual reporting requirements of EPCRA § 313 and 40 C.F.R. § 372.8 (b) (15) on one or more occasions in the 5 year period immediately preceding the filing of this Complaint by failing accurately to calculate and report on EPA Form R required data for vinyl chloride and vinyl acetate.

### Count V – 7 DEL. C. CH. 60 CLAIMS

47.   Paragraphs 1 through 37 are incorporated herein by reference.

48.   Formosa is required to obtain a permit from DNREC before discharging an air contaminant. "No person shall, without first obtaining a permit from the Secretary, undertake any activity: (1) In a way which may cause or contribute to the discharge of an air contaminant." 7 Del. C. § 6003 (a) (1).

49.   Formosa caused or contributed to the discharge of an air contaminant on or about March 13, 2001, April 20, 2001, July 3, 2001, May 20, 2003 and January 21, 2005, without a permit, in violation of 7 Del. C. § 6003 (a) (1).

50.   Formosa is required to discharge air contaminants only in accordance with the conditions and emissions limitations of its air permits and the Delaware Regulations Governing the Control of Air Pollution ("Air Regs"). "Whoever violates ... any rule or regulation or ... any condition of a permit shall be punishable .... 7 Del C. § 6005 (b)

51.   Formosa violated Air Reg. 21 and the permit conditions of Permit AQM-00300027 on or about August 12, 2003, by discharging an air contaminant in wastewater, Vinyl Chloride Monomer ("VCM") in an amount greater than 10 parts per million ("ppm").

52. Formosa violated Air Reg. 21 and the permit conditions of Permit AQM-00300027 on or about January 8, 2004, by discharging an air contaminant in wastewater, VCM, in an amount greater than 10 ppm.

53. Formosa violated the permit conditions of Permit AQM-00300027 on or about January 13 and June 30, 2003 by failing to properly sample product from its E2 Plant for vinyl acetate monomer ("VAM") or ammonia.

54. Formosa violated the permit conditions of Permit AQM-00300027 on or about March 11 and November 21, 2003 by failing to properly sample product from the E2 Plant for residual vinyl chloride monomer ("RVCM").

55. Formosa violated the permit conditions of Permit AQM-00300027 on or about September 26 and December 2, 2003 and March 13 and April 17, 2004 by failing to properly sample product from the S2 Plant for VAM or ammonia.

56. Formosa violated Air Reg. 21 and the permit conditions of Permit AQM-00300027 on or about August 11, 2004 by exceeding the 2.02 grams per kilogram of product combined RVCM and reactor opening loss ("ROL") limit.

57. Formosa violated 7 Del. C. § 6005 on or about July 13, 2004 by exceeding the 1250 ppm daily combined RVCM and ROL limit.

58. Formosa violated 7 Del. C. § 6005 on or about July 23, 2004 by exceeding the 1250 ppm daily combined RVCM and ROL limit.

59. Formosa violated Permit AQM-00300027 by having failed to perform an annual stack test of its primary incinerator (WB-710) in a timely manner.

## Injunctive Relief

60.     Unless restrained by order of this court, some or all of the violations described above are likely to continue or recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, State of Delaware respectfully requests that this Court grant the following relief:

1.      Permanently enjoin defendant from further violations of the Clean Air Act, 42 U.S.C. § 7401 et seq.; the Clean Water Act, 33 U.S.C. § 1251 et seq.; the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq.; the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq.; the Emergency Planning and Community Right-To-Know Act ("EPCRA"), 42 U.S.C. §§ 1101, et seq.; 7 Del.C. Ch. 60; and their implementing permits and regulations.

2.      Order defendant promptly to take all steps necessary or appropriate to comply with the foregoing laws, regulations and permits.

3.      A judgment assessing civil penalties.

4.      Award Plaintiff the costs and disbursement in this action.

5.      Award such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: June 28, 2005

BY: /s/Kevin P. Maloney, I.D. No. 2410
Deputy Attorney General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, Delaware  19801
Telephone: (302) 577-8400
Facsimile: (302) 577-5866
E-mail Address: kevin.maloney@state.de.us

*KPM/jrm/I/480-53/FormosaComplaintInIntervention*