IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No.  05-443 |
| FORMOSA PLASTICS CORPORATION, | ) |
| DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

### I. INTRODUCTION

The United States of America ("United States") has filed a civil action against Formosa Plastics Corporation, Delaware ("Defendant") for violations of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401, *et seq.*; the Resources Conservation and Recovery Act ("RCRA"); 42 U.S.C. §§ 6901, *et seq.*; the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*; the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq.*; and the Emergency Planning and Community Right-to-Know Act of 1986 ("EPCRA"), 42 U.S.C. §§ 11001, *et seq.*  The United States seeks an injunction ordering Defendant to comply with the Act and the regulations promulgated thereunder, and civil penalties for Defendant's past and ongoing violations of the above-referenced laws.

Counsel for the United States have requested the intervention of the State of Delaware for

the purpose of protecting the State's interests in the consistent, uniform and effective enforcement of the CAA, CWA, RCRA, EPCRA and CERCLA. Furthermore, Counsel for the Defendants have agreed to the State's intervention. Therefore, pursuant to Fed. R. Civ. P. 24(a)(1) and 42 U.S.C. § 7604(b)(1)(B), the State's Motion to Intervene in this action should be granted.

## II. ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure governs intervention in cases pending in the District Courts and has traditionally been liberally construed in favor of applicants for intervention. *United States v. Union Electric Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995). Intervention, among other things, serves to protect the nonparty interests of the proposed intervenor from being adversely affected and avoids the multiplicity of suits which might otherwise be required to protect such interests. *Stallworth v. Monsanto Co.*, 550 F.2d 257, 258 (5th Cir. 1993). Intervention as of right is governed by Fed. R. Civ. P. 24(a).

### A. Delaware is Entitled to Intervention As of Right Pursuant to Fed. R. Civ. P. 24(a)(1).

Federal Rule of Civil Procedure 24(a)(1) provides that "[u]pon timely application, anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene." As a party claiming the right to intervention under Rule 24(a)(1), Delaware need not show inadequacy of representation by the existing parties or that its interests will be impaired if it is not allowed to intervene, as is necessary with other methods of intervention. *Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998); *see also, Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 531 (1947). Rather, the only requirements for intervention under Fed. R. Civ. P. 24(a)(1) are timeliness of filing and a

statutory grant of an unconditional right to intervene.

### 1. *Delaware has a statutory, unconditional right to intervene*

The CAA confers an unconditional right upon "any person" to intervene in claims brought under its citizen's suit provision.

Specifically, section 304(b)(1)(B) of the Act provides,

> [n]o action may be commenced under subsection (a)(1) of this section if the Administrator . . . has commenced and is diligently prosecuting a civil action in a court of the United States to require compliance with the standard, limitation, or order, **but in any such action in a court of the United States any person may intervene as a matter of right.**

42 U.S.C. § 7604(b)(1)(B). [Emphasis added]. The phrase "as a matter of right" represents a Congressional grant of an unconditional right to intervene. *Brotherhood of Railroad Trainmen*, 331 U.S. at 531. A similar grant of authority appears in 33 U.S.C. § 1365(b)(1)(B) of the CWA and 42 U.S.C. § 6972 (b)(1)(B) of the RCRA.

In *Brotherhood of Railroad Trailmen*, the Supreme Court allowed an association of railroad employees to intervene as a party defendant under Fed. R. Civ. P. 24(a)(1) and Section 17(11) of the Interstate Commerce Act. *Id.* In its analysis of Section 17(11), the Court stated, "[s]ome statutes speak of intervention 'as of right' . . .[i]n such a case, the right to intervene is absolute and unconditional." *Id.*

Following this rationale, the Eighth Circuit relied on the plain language of Clean Water Act ("CWA") Section 505(b)(1)(B), which states, "any citizen may intervene as a matter of right," when it allowed an environmental organization to intervene as a citizen in a CWA action. *United States v. Metropolitan St. Louis Sewer District,* 883 F. 2d. 54, 55-56 (8th Cir. 1989); *see also, United States EPA v. City of Green Forest,* 921 F.2d 1394 (8th Cir. 1990) (holding a district

court should have granted a citizen's motion to intervene because the CWA expressly provides for intervention as of right). Similarly, in *United States v. Presidio Investments, Ltd.,* 4 F.3d 805, 808 n.1 (1993), the Ninth Circuit considered comparable language in the Fair Housing Act ("FHA"). Because the FHA allows for intervention of aggrieved persons "as of right", the court held that a tenant's motion to intervene in an action brought by the Attorney General fell "squarely within the provision of Fed. R. Civ. P. 24(a)(1)." *Id.* Thus, the phrase, "as a matter of right," found in the Section 304(b)(1)(B) of the CAA, Section 7002(b)(1)(B) of the RCRA, and Section 505(b)(1)(B) of the CWA grants the State an unconditional right to intervene in this action.

2. *Delaware has filed a timely application under the circumstances*

Whether a motion to intervene is timely is determined by considering all the circumstances of a case. *United States v. Union Electric Co.,* 64 F. 3d at 1158-59. In *Union Electric,* the EPA brought a CERCLA action in Missouri district court and, after reaching a settlement with 179 defendants, filed a proposed consent decree. *Id.* at 1155. Opposed to the terms of the consent decree, the twelve non-settling potentially responsible parties (PRPs) filed a motion to intervene slightly more than four months after the complaint had been filed. *Id.* at 1159. The Eighth Circuit held the non-settling PRPs motion timely and listed the three factors that bear particular consideration in an analysis of a motion's timeliness as (1) the reason for delay by the proposed intervenor in seeking intervention; (2) how far the litigation has progressed when the motion to intervene is filed; and (3) how much prejudice the delay in seeking intervention may cause the other parties if the intervention is allowed. *Id.*

In *Union Electric,* the settling PRPs claimed that allowing intervention would delay entry of the consent decree, prejudicing their case, but the Eighth Circuit explained:

> The question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change [citations omitted] . . . . This court has observed that '[p]rejudice that results from the mere fact that a proposed intervenor opposes one's position and may be unwilling to settle always exists when a party with an adverse interest seeks intervention. Any prejudice to the [existing parties'] ability to settle results not from the fact of the [applicant's] delay in seeking intervention, but rather from the [applicant's] presence in the suit. Rule 24(a) protects precisely this ability to intervene in litigation to protect one's interests.'

*Id.* (quoting *Mille Lacs Band of Chippewa Indians v. Minnesota,* 989 F.2d 994, 997-98 (8th Cir. 1993) (alterations in original). Thus, this Court should not consider whether the mere intervention of the State will prejudice the defendant's case. Rather, the only consideration is how the timing of the motion for intervention adversely affects the defendants. Therefore, because there is no delay, in that the State's Motion to Intervene was filed immediately after the United States' Complaint was filed against the Defendant, the timing of the motion does not adversely affect the Defendant.

### III. CONCLUSION

For all the foregoing reasons the State of Delaware requests that its Motion to Intervene at the request of the Plaintiff United States be granted, and that it be permitted to intervene as a party Plaintiff in these proceedings as a matter of right pursuant to Fed. R. Civ. P. 24(a).

Respectfully Submitted,

Dated: June 28, 2005

BY: /s/Kevin P. Maloney, I.D. No. 2410
Deputy Attorney General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, Delaware  19801
Telephone: (302) 577-8400
Facsimile: (302) 577-5866
E-mail Address: kevin.maloney@state.de.us

*KPM/jrm/I/480-50/FormosaMemoOnMotionToIntervene*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| and | ) |
| STATE OF DELAWARE, | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) Civil Action No. 05-443 |
| FORMOSA PLASTICS CORPORATION, DELAWARE, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2005, electronically filed Plaintiff's, State of Delaware, acting at the request of the Department of Natural Resources and Environmental Control, Memorandum in Support of Motion to Intervene, with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Rudolph Contreras
Assistant U.S. Attorney
United States Attorney's Office
District of Delaware
1007 Orange Street, Suite 700
Wilmington, Delaware  19899-2046
(302) 573-6277
Attorney for United States of America

Robert W. Whetzel, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899-0551
(302) 651-7634
Attorney for Formosa Plastics Corporation

| | |
|---|---|
| William A. Hutchins<br>Senior Attorney<br>Environmental and Enforcement Section<br>U.S. Department of Justice<br>1425 New York Ave., N.W.<br>Washington, DC  20005<br>(202) 514-2717<br>Attorney for United States of America | Joyce Howell, Esquire<br>Environmental Protection Agency<br>1650 Arch Street, #3EC00<br>Philadelphia, Pennsylvania  19103<br>(215) 814-2644<br>Attorney for United States of America |
| Dated:  June 28, 2005 | BY: /s/Kevin P. Maloney, I.D. No. 2410<br>Deputy Attorney General<br>Department of Justice<br>State of Delaware<br>820 N. French Street, 6th Floor<br>Wilmington, Delaware  19801<br>Telephone:  (302) 577-8400<br>Facsimile:  (302) 577-5866<br>E-mail Address:  kevin.maloney@state.de.us |

*KPM/dms/I/Env/480-54*